IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Jostens, Inc.,

Plaintiff,

vs.

Renaissance Learning, Inc., f/k/a Advantage Learning Systems, Inc. and the Institute for Academic Excellence, Inc., f/k/a The School Renaissance Institute, Inc.,

Defendants.

CIVIL ACTION NO. 01-CV-1210 (RHK/JMM)

**STIPULATION AND PROTECTIVE ORDER**

---

WHEREAS the parties have requested from each other information by way of discovery that a party may consider private, proprietary, privileged or confidential, or other confidential business information not generally known, and may have an interest in not disclosing outside this action and in preventing the opposing party from conveying it to others or using it in other litigation.

Now, therefore, Plaintiff Jostens, Inc. and Defendants Renaissance Learning, Inc., f/k/a Advantage Learning Systems, Inc. and The School Renaissance Institute, Inc., f/k/a The Institute for Academic Excellence, Inc., by their respective attorneys, hereby agree to exchange documents and information in the above-captioned matter pursuant to the following terms and conditions:

1. Confidential Information - Defined: Any information produced by the parties during the course of discovery that is not generally known by or broadcast to the public, and all copies, excerpts, or summaries of the documents produced, including without limitation, documents produced pursuant to Fed. R. Civ. P. 33 or 34, answers to requests for admission, answers to interrogatories, documents subpoenaed in connection with deposition testimony, and deposition transcripts, may be designated as "confidential" by any party. Any matter designated by a party as

FILED OCT 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

"confidential" may only be disclosed to the following persons on the condition that such persons agree to the restrictions set forth herein:

a. Attorneys of record or in-house counsel for the parties in this action, and the staff of their respective law firms or in-house legal departments working on this case;

b. Experts or consultants hired by or consulted by such attorneys in connection with this case;

c. Officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case;

d. Persons noticed for deposition or designated as trial witnesses, to the extent necessary for the preparation of the person's testimony in this case;

e. The Court and Court personnel in accordance with the procedures set forth in paragraph 6 below;

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

2. Highly Confidential Information - Defined: As used herein, the term "Highly Confidential" or "Attorney's Eyes Only" means information designated as confidential by a party in writing, or orally if recorded as part of a deposition or court record, which has been treated by the party as confidential, which has not previously been publicly disclosed, and which consists of or relates to any of the following:

a. any party's accounting, financial or other business records or data, pricing, cost information, pricing agreements, supply agreements, distribution agreements, or sales representative agreements;

b. any party's research, procedures, processes, customer information or customer lists, distributor information, sales representative information, formulas, or marketing or strategic information; or

c. any other material or information meeting the definition of a trade secret under the Minnesota Uniform Trade Secrets Act, M.S.A. Secs. 325C.01.

"Highly Confidential" or "Attorney's Eyes Only" information shall refer to all such designated information whether revealed during a deposition or other testimony, in a document, exhibit, pleading, admission, or interrogatory answer, by production of tangible evidence or otherwise.

Any matter designated by a party as "Highly Confidential" or "Attorney's Eyes Only" may only be disclosed to the following persons on the condition that such persons agree to the restrictions set forth herein, and execute an Agreement in the form attached hereto as Exhibit A, which Agreement shall be kept in the files of the attorney(s) consulting with or disclosing such information to such person, until this matter is concluded whether by settlement, final judgment and appeal (or failure to timely appeal), or otherwise:

d. Attorneys of record or in-house counsel for the parties in this action, and the staff of their respective law firms or in-house legal departments working on this case;

e. Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the expert or potential expert agrees to the restrictions set forth herein;

f. The information shall not be disclosed to the parties.

3. Any party from time to time may designate as "Confidential," "Highly Confidential" or "Attorney's Eyes Only" any discovery materials which contains confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential commercial information or undue invasion of privacy.

4. To the extent feasible, all confidential or highly confidential information shall be stamped "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" prior to its production. In the event that a party inadvertently fails to so designate any confidential or

highly confidential information, the party producing that information may within thirty (30) days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated information as confidential until further order of the Court.

5. Notwithstanding any of the provisions of this Agreement, no party, nor their counsel or other representative, shall disclose any information designated as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" to any competitor of either of the parties, or any vendor or service provider to any competitor, regardless of whether such competitor, vendor or service provider may be retained as a consultant, testifying expert, or in any other capacity in this litigation, unless such party wishing to make such disclosure shall first give ten (10) days advance written notice of their intent to make such disclosure and of the identify of the person or entity to whom such disclosure is intended to be made, and opportunity for the opposing party to make objection and, if necessary, move the Court to prohibit such disclosure, and if such objection or motion is made no such material shall be disclosed until any objection is resolved by written agreement of the parties, or until the Court has ruled on such motion and all available appeals have been fully exhausted.

6. In the case of deposition testimony, counsel for the person being deposed shall, within thirty (30) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony"). During this 30 day period, the entire transcript shall be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

7. Any materials, information or deposition testimony designated as "Confidential," "Highly Confidential" or "Attorney's Eyes Only" under this Agreement shall not be used by or

communicated to any person or entity for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this case.

8. Before disclosing Confidential Discovery Materials or Confidential Deposition Testimony to experts or other non-parties, the attorney or party disclosing the materials shall advise such persons of the restrictions of this Stipulation and obtain written assurance in the form attached that such person will be bound by its provision, and counsel for the party disclosing such material to such person shall keep such signed written assurance on file until final disposition of this litigation.

9. All Confidential Discovery Materials or Confidential Deposition Testimony submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Stipulation and will not be available to the public.

10. This Stipulation shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, provided all necessary measures are taken to insure that such Materials or Testimony are disclosed only to those persons to whom disclosure is permitted under this Agreement.

11. The parties during the course of this action may disclose documents or information regarding transactions in the United States Patent and Trademark Office or documents related to the filing of trademark applications which may contain information otherwise protected by the attorney client privilege. It is expressly stipulated and agreed by and between the parties that the disclosure of any such documents or information does <u>not</u> constitute a waiver of the party's right to assert the

attorney client privilege or any other privilege with respect to any document or information not so disclosed.

12. The mere fact that a party accepts a designation of material or testimony as "Confidential," "Highly Confidential" or "Attorney's Eyes Only" by the other party and abides by the terms of this Stipulation and Protective Order does not constitute an admission that the information is in fact confidential or was maintained as confidential. Any party asserting that information constitutes confidential business information must prove all necessary elements at trial, and the mere designation of information as "Confidential," "Highly Confidential" or "Attorney's Eyes Only" for purposes of this Order shall have no evidentiary significance at trial and shall not reduce the party's burden of proof.

13. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Stipulation may disclose that information to any persons other than those permitted access under this Stipulation, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

14. Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition Transcripts shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Stipulation which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

15. Any party may apply to the Court for an order confirming the terms of this Stipulation, modifying this Stipulation, removing the confidential designation from any discovery

materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26 of the Federal Rules of Civil Procedure and the applicable case law. This Stipulation is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.

Dated: 10/25, 2001.

KELLY & BERENS

By ______________________
Timothy D. Kelly (54926)
Jennifer L. Frisch (257928)
3720 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 349-6171
**ATTORNEYS FOR DEFENDANTS**

Dated: Oct. 25, 2001.

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By ______________________
John B. Lunseth (65341)
Gerald E. Helget (155184)
333 South Seventh Street
Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7926
**ATTORNEYS FOR PLAINTIFF**

**PROTECTIVE ORDER**

Based upon the foregoing stipulation, IT IS HEREBY ORDERED THAT

The parties may designate documents, deposition transcripts or other materials or information as “Confidential,” “Highly Confidential,” or "Attorneys Eyes Only" or in the manner described in the above Stipulation and the parties shall not disclose any information designated as “Confidential”, “Highly Confidential” or “Attorney’s Eyes Only” except as expressly permitted in the above Stipulation.

Dated: ____________________, 2001.

BY THE COURT:

______________________________
John Mason
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jostens, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Renaissance Learning, Inc., f/k/a Advantage Learning Systems, Inc. and the Institute for Academic Excellence, Inc., f/k/a The School Renaissance Institute, Inc.,<br><br>Defendants. | CIVIL ACTION NO. 01-CV-1210 (RHK/JMM)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

I certify that I have received and reviewed a copy of the Stipulation and Protective Order in this action, and agree that I will not disclose any of the information I reviewed in connection with this litigation or use any such information in any way or for any purpose other than for the purposes of the above-captioned matter, nor will I disclose any of the conclusions I reached to any party except for the purposes of this litigation, and in accordance with the Stipulation and Protective Order attached hereto, or by Order of the Court.

I hereby agree that the parties to this action may enforce this agreement against me directly for any damages they sustain as a result of my breach of this Agreement, and submit to the jurisdiction of this Court for the purposes of enforcing this Agreement.

Name:__________________________
Address:__________________________
__________________________

Subscribed and sworn to before me
this _______day of _____________, 2001.

______________________________Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing <u>confidential original</u> documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the <u>Clerk:</u>***

A. Documents are to be <u>sealed</u> (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or <u>Magistrate Judge:</u>***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.