UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSTENS, INC.,

Plaintiff,

v.

RENAISSANCE LEARNING, INC., f/k/a Advantage Learning Systems, Inc. and THE INSTITUTE FOR ACADEMIC EXCELLENCE, INC., f/k/a The School Renaissance Institute, Inc.,

Defendants.

CIVIL NO. 01-1210 (RHK/JMM)

**FINAL** PRETRIAL SCHEDULING ORDER

The above matter came on before the undersigned upon the Joint Motion for Modification Scheduling Order Pursuant to Rule 16.3 [Docket No. 34].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that the Joint Motion for Modification Scheduling Order Pursuant to Rule 16.3 [Docket No. 34] is granted as follows: pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

October 5, 2001 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed.

November 1, 2001 - All motions which seek to amend the pleadings or add parties must be served and filed.

Filed JAN 15 2002
Richard D. Sletten, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

Discovery/Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

**March 1, 2002** - By any party as to any issue on which it has the burden of proof, and any other expert report not a response or a rebuttal.

**March 20, 2002** - By any party desiring to present expert evidence in response to the expert reports of the party with the burden of proof.

**April 1, 2001** - By any party desiring to present expert witnesses in rebuttal to the responsive expert reports.

Full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

**May 1, 2002** - By any party as to any issue on which it has the burden of proof, and any other expert report not a response or a rebuttal.

**June 1, 2002** - By any party desiring to present expert evidence in response to the expert reports of the party with the burden of proof.

**July 1, 2002** - By any party desiring to present expert witnesses in rebuttal to the responsive expert reports.

December 1, 2002 - All discovery of any kind shall be commenced in time to be completed by this date.

December 5, 2002 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

February 1, 2003 - All dispositive motions shall be served and filed by the parties and heard by the Court. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Deb Siebrecht, (651) 848-1166. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than April 1, 2003. The parties estimate that trial of this Jury matter will take 2-3 weeks.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than 5 experts.

Each party may call no more than 5 experts at trial.

Dated: January 15, 2002

JOHN M. MASON
United States Magistrate Judge